UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 23-CR-10193-WGY |
| | ) |
| WILLIAM S. TIDWELL, | ) |
| Defendant. | ) |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

YOUNG, D.J.

WHEREAS, on July 24, 2023, the Acting United States Attorney for the District of Massachusetts filed a three-count Information charging defendant William S. Tidwell (the "Defendant") with Receipt of Payments in Violation of Official Duties, in violation of 18 U.S.C. § 201(b)(2)(C) (Count One), False Statements to a Bank, in violation of 18 U.S.C. § 1014 (Count Two), and Identity Theft, in violation of 18 U.S.C. § 1028(a)(7) (Count Three);

WHEREAS, the Information also included a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C), 982(a)(2), and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more offenses alleged in Counts One through Three of the Information, of any property, real or personal, which consititues, or is derived from, proceeds traceable to the commission of the offenses;

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially

1

diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b), both incorporating Title 21, United States Code, Section 853(p);

WHEREAS, on September 6, 2023, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a written plea agreement that he signed on July 21, 2023;

WHEREAS, in Section 6 of the plea agreement, the Defendant indicated that he "understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense." *Id.* at 4. The plea agreement further stated that "Defendant acknowledges and agrees that the amount of the forfeiture money judgment represents proceeds the Defendant obtained (directly or indirectly), and/or facilitating property and/or property involved in, the crimes to which Defendant is pleading guilty . . . ." *Id.* at 4-5. The government has determined that $90,058.31 represents the proceeds the Defendant obtained as a result of the offenses to which he has pled guilty. *See* Docket No. 21 (Govt. Sentencing Memo.) at 8;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his

2

guilty plea on September 6, 2023, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $90,058.31, pursuant to 18 U.S.C. § 981(a)(1)(C), 982(a)(2), and 28 U.S.C. § 2461(c). This amount represents the proceeds of the Defendant's crimes;

WHEREAS, the amount of $90,058.31 constitutes proceeds that the Defendant obtained as a result of violations of 18 U.S.C. § 201(b)(2)(C), 18 U.S.C. § 1014, and 18 U.S.C. § 1028(a)(7); and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $90,058.31, pursuant to 18 U.S.C. § 981(a)(1)(C), 982(a)(2), and 28 U.S.C. § 2461(c).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. 2461, any discovery to identify, locate or dispose of forfeitable property or substitute assets,

including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

/s/ William G. Young
**WILLIAM G. YOUNG**
United States District Judge

Dated: May 8, 2024

4